The document below is hereby signed.

Signed: May 2, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| SABRINA JOHNSON AND JAMES | ) | Case No. 17-00182 |
| TIMOTHY JOHNSON, | ) | (Chapter 7) |
| | ) | |
| Debtors. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

### MEMORANDUM DECISION REGARDING DISMISSING CASE

On April 2, 2017, the debtors filed their joint petition commencing this case. Under 11 U.S.C. § 109(h)(1), unless coming within an exception to that provision, each debtor was required to have received credit counseling "during the 180-day period ending on the date of filing of the petition by such individual" in order to be eligible to be a debtor under the Bankruptcy Code (11 U.S.C.). With the petition, the debtors filed certificates reflecting that on October 3, 2016, which was 181 days prior to the filing of their petition, the debtors had each received credit counseling. Accordingly, that credit counseling was not received "during the 180-day period ending on the date of filing of the petition" as required by § 109(h)(1). This led to an order to file certificates reflecting credit counseling received

within 180 days of the filing of the petition or to show cause why the case ought not be dismissed for failing to comply with § 109(h).

In response, the debtors filed an amended petition attaching a "Form 101. Voluntary Petition Attachment" containing a "Request for a 30-day temporary waiver of the requirement to file a certificate of completion," with each debtor stating:

> I certify that I asked for credit counseling services from an approved agency, but was unable to obtain those services during the 7 days after I made my request, and exigent circumstances merit a 30-day temporary waiver of the requirement.

As an explanation of efforts each debtor made to obtain the briefing, why the debtor was unable to obtain it before the debtor filed for bankruptcy, and what exigent circumstances required the debtor to file this case, each debtor stated:

> The filing of the case was miscalculated by the bankruptcy software by one day where the date of the Credit Counseling Certificate is dated within 181 days of the filing of the case.  The debtor again completed the credit counseling on April 8, 2017 within 7 days of the filing of this case.

The requests for a temporary waiver are an apparent attempt to invoke 11 U.S.C. § 109(h)(3), an exception to § 109(h)(1), which provides:

> (A)  Subject to subparagraph (B), the requirements of paragraph (1) shall not apply with respect to a debtor who submits to the court a certification that—
> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling  services  from  an  approved  nonprofit

>     budget and credit counseling agency, but was unable
>     to obtain the services referred to in paragraph (1)
>     during the 7-day period beginning on the date on
>     which the debtor made that request; and
>         (iii) is satisfactory to the court.
>     (B) With respect to a debtor, an exemption under
> subparagraph (A) shall cease to apply to that debtor on
> the date on which the debtor meets the requirements of
> paragraph (1), but in no case may the exemption apply to
> that debtor after the date that is 30 days after the
> debtor files a petition, except that the court, for
> cause, may order an additional 15 days.

The debtors' § 109(h)(3)(A) requests must be denied.

The requests fail to describe "exigent circumstances that merit a waiver." The debtors have not set forth any imminent event, an exigency, that impelled them to file their petition instead of waiting until they had received new credit counseling before filing their petition. A software error in calculating whether the October 3, 2016 credit counseling was received "during the 180-day period ending on the date of filing of the petition" does not constitute an exigency. This suffices to warrant denial of the § 109(h)(3)(A) request.

In representing that they requested credit counseling but were unable to obtain the required services during the 7 days after making their requests for such services, the debtors may be referring to the requests that led to the credit counseling completed on October 3, 2016. Even if they were unable to obtain credit counseling within 7 days of making those requests, that is irrelevant. Implicitly, § 109(h)(3)(A)(ii) addresses a request

3

for credit counseling *not* completed prepetition, not a request for credit counseling that *was* completed prepetition.  If credit counseling is completed prepetition, the requests leading to that credit counseling are not requests fitting within § 109(h)(3)(A)(ii).

The debtors may have a strained reading of the statute to support their § 109(h)(3)(A)(ii) certifications.  The debtors made requests for credit counseling preceding the credit counseling completed on October 3, 2016.  They may view those requests as incapable (once the credit counseling had been completed on October 3, 2016) of leading to credit counseling received "during the 180-day period ending on the date of filing of the petition [on April 2, 2017]" as required by § 109(h)(1).  From this they may argue that pursuant to the requests they were literally unable within *any* time prior to the filing of the petition on April 2, 2017, to obtain "the services referred to in paragraph (1)" within the meaning of § 109(h)(3)(A)(ii).  That reading of § 109(h)(3)(A)(ii) would be absurd: it would permit § 109(h)(3)(A)(ii) to be deemed satisfied whenever credit counseling was obtained more than 180 days before the commencement of the case.  Section 109(h)(3)(A)(ii) addresses requesting credit counseling services without regard to the 180-day rule.  If such services *are* obtained, it is § 109(h)(1) that requires that once the petition is filed, the services have

4

been received "during the 180-day period ending on the date of filing of the petition . . . ." Once credit counseling is too old to satisfy the 180-day rule of § 109(h)(1), new credit counseling must be sought that does satisfy that 180-day rule. It is a request for such new credit counseling that § 109(h)(3)(A)(ii) addresses in a case like this.

The debtors' filing of a case in which they were ineligible under § 109(h)(1) to be debtors may have arisen from a software error leading them to think that their October 3, 2016 credit counseling satisfied the 180-day rule of § 109(h)(1). That suggests good faith on their part, but that does not alter their ineligibility to be debtors under § 109(h)(1). The debtors have failed to show cause why the case ought not be dismissed based on their being ineligible under § 109(h)(1) to be debtors in a case under the Bankruptcy Code.

This is a harsh result. If, however, the court determines that a debtor is ineligible under § 109(h)(1) to be a debtor under the Bankruptcy Code, the court cannot disregard the statute and is obligated to dismiss the case unless § 109(h)(1) is being invoked in circumstances in which a dismissal would create an abuse of the bankruptcy system and the issue of ineligibility should be deemed waived (for example, when a debtor belatedly seeks dismissal under § 109(h)(1) in an attempt to avoid developments in the case that are adverse to the debtor). *See In*

*re Stinnie*, 555 B.R. 530, 534 (Bankr. W.D. Va. 2016) (holding that "although the eligibility requirements of section 109(h) are not jurisdictional, they are not freely waivable.  Such waiver, if permissible at all, should be to prevent an abuse of the bankruptcy system." (citations omitted)); *In re Bain*, No. 08-13395-SSM, 2008 WL 2570831, 2008 Bankr. LEXIS 3603 (Bankr. E.D. Va. June 23, 2008); *In re Dyer*, 381 B.R. 200, 203 (Bankr. W.D.N.C. 2007) (listing decisions in which the cases were dismissed because credit counseling occurred more than 180 days before the filing date).  The dismissal of this case will not create an abuse of the bankruptcy system, and the court lacks discretion in the circumstances of this case to disregard the statute.

An order follows dismissing the case.

[Signed and dated above.]

Copies to: Recipients of e-notification of filings.